

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CLARENCE GANAWAY,            )   Case No. 3:07 CV 2939
                             )
    Plaintiff,                )   JUDGE DAVID A. KATZ
                             )
v.                           )
                             )   OPINION AND ORDER
                             )
CLEVELAND POLICE DEPARTMENT, et al,)
                             )
    Defendants.               )

On October 15, 2007, plaintiff pro se Clarence Ganaway filed the above-captioned action against the Cleveland Police Department, the City of Cleveland, and Cleveland Mayor Frank Jackson. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

The amended complaint alleges plaintiff was brutalized by Cleveland police officers during the course of arrest on October 24, 2006. In particular, it is alleged his leg was run over by a police vehicle, he was kicked and punched, and that his wrist and arm were purposely broken. It is further alleged that Mr. Ganaway has suffered continuing pain and physical limitations from this incident.

A district court is expressly required to dismiss any

civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Governmental entities and supervising officers may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). There are no allegations reasonably suggesting that defendants established policies or customs resulting in the violation of plaintiff's constitutional rights. Salehpour v. University of Tennessee, 159 F.3d 199, 206 (1998)(liability must be based on more than right to control employees); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989) (supervisory liability under § 1983 must be based on active unconstitutional behavior). This action is therefore appropriately subject to summary dismissal. Littlejohn v. McCafferty, 83 Fed.Appx.705 (6th Cir. Dec. 3, 2003)(complaint dismissed under section 1915(e) because it did not identify policy linked to asserted constitutional violation, nor did it show that execution of the policy resulted in such a violation).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE